**BAGOLIE FRIEDMAN**
INJURY LAWYERS

648 NEWARK AVENUE
JERSEY CITY, NJ 07306

201.656.8500 Telephone
201.656.4703 Facsimile
866.333.3529 Toll Free Nationwide

Email: info@bagoliefriedman.com
www.bagoliefriedman.com

RECEIVED
SPECIAL CIVIL PART

APR 17 2020

SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON

RICKY E. BAGOLIE*
ALAN T. FRIEDMAN**†

THOMAS McINNIS**

*NJ & FL BARS
**NJ & NY BARS

† CERTIFIED BY THE SUPREME COURT
OF NJ AS A CIVIL TRIAL ATTORNEY

February 10, 2020

Talaat Mohamed
104 Corbin Avenue, Apt. 1a
Jersey City, NJ  07306

Re:   Talaat Mohamed
      D/A: 6/17/2010
      BF#: 220427

Dear Mr. Mohamed,

Talaat. I have reviewed your letters and emails.

As to your payout. Unfortunately you are not untitled to any additional money either in a lump sum or as an increase in your weekly payment. You are getting the maximum amount permissible under the law and there is nothing that, I, or any lawyer, can do to change that. You are getting 100% total disability at the rate established by your average weekly wage which was set in your first Order Approving Settlement handled by the Haddad Firm. There is no acceleration of payments available nor is there any type of cost of living increase or increase reflecting a better paying job that is available. You are not entitled to and will not get any additional money for the period of 3/18 thru 5/19 as I did go back to court in an attempt to get an acceleration of your payments and payments from 3/18 until 5/19 which was denied. I WILL NOT be going back to court on these issues.

As to treatment. You are entitled to medical treatment as provided by law and the respondent insurance carrier has scheduled examinations pursuant to our request. You MUST see the doctors chosen by NJM. The law permits this. They have scheduled appointments with doctors for your back and your legs however the law DOES NOT require that they provide you with transportation to and from these appointments. The fact that this may have been provided during the prior litigation was as a courtesy only and there is no law that compels them to do this. I asked them and they have declined, as is their right. You must make arrangements to attend the doctors' appointments on your own. If you fail to keep you scheduled appointments you run the risk of having any treatment denied. Consequentially, please do not continue to call the adjuster asking for transportation. If the doctors you see order additional tests or treatment the respondent insurance company must provide it but, again, they do not provide the transportation. I will NOT be going to court on these issues either.

As it stands now your case is NOT listed in court and there are no applications pending. I do not intend to file any motions or applications as I feel that any would be frivolous. If you still feel that you want to go back to court you should hire another lawyer or law firm, I will be happy to

NEW YORK, NEW YORK
366 WILLIS AVE, MINEOLA

AFFILIATE OFFICES
CLIFTON, NEW JERSEY

أبحث عن محامي

HOLLYWOOD, FLORIDA

cooperate with them however I would believe that any competent workers' compensation lawyer would agree with our opinion. You should take this letter as well as my prior correspondence and your Order of Total Disability to them for review.

Our office litigated a tough re-opener case for you and were successful in obtaining a neck surgery, a back surgery and secured 100% total disability. After receiving the total disability award the respondent has set up medical examinations as requested. There is really nothing more that we can do and I will be closing my file. Good luck.

Very Truly Yours
BAGOLIE FRIEDMAN, LLC


By: Ricky E. Bagolie

BF/sjm

أ. كمال الدين جوعان

بخصوص الزيارة السنوية – الكبار

Essex County Bar Association
470 Martin Luther King Jr. Boulevard
Newark, NJ 07102
973-533-6775
E-mail: info@essexbar.com
Internet: www.essexbar.com
Exec. Dir.: Wendy E. Deer

RECEIVED #15
SPECIAL CIVIL PART

APR 17 2020

SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON

Hudson County Bar Association
583 Newark Avenue
Jersey City, NJ 07306
201-798-4708
Internet: www.hcbalaw.com
Exec. Dir.: Lisa Burke

## Special Adjustments & Supplemental Benefits:

Due to amendments to the Workers' Compensation Law in 1980, provisions were made for cost of living increases for totally and permanently disabled workers, dependents of deceased workers and Second Injury Fund beneficiaries whose date of injury or, as the case may be, death, occurred prior to January 1, 1980. Prior to these amendments, a beneficiary remained at the fixed awarded weekly benefit rate permanently. In 1980, for example, there were a large number of workers and dependents receiving as little as $25 to $40 per week, the maximum amount that could have been awarded to them during the 1950's and the 1960's.

## Discrimination Complaints:

The NJ Workers' Compensation Law also has a provision whereby it is unlawful for any employer to discharge or otherwise discriminate against an employee because the employee claimed or attempted to claim workers' compensation benefits or because the employee testified or is about to testify in a workers' compensation matter.

As the primary remedy is reinstatement to employment, it is necessary that the complainant is ready, willing and able to perform the duties of such employment. The employee may seek either civil or administrative courses to effect remedies for such discrimination. Where the civil course is selected by the employee, a complaint against the employer would be filed by the employee against the employer in the Civil Part of the Superior Court. Where the administrative course is selected by the employee, the Office of Special Compensation Funds is responsible for investigating such claims.

If the employer's actions are not believed to be based upon the efforts of an employee to secure workers' compensation benefits for themselves or others, but because of the disabling condition, the employee would not have a claim for discrimination in workers' compensation, they may have a claim for violation of the Americans with Disabilities Act (ADA). Information concerning the ADA or the filing of complaints under the act may be obtained by writing or calling the Equal Employment Opportunity Commission at 1801 L. Street, NW., Washington, D.C. 20507, (202) 663-4900; Fax (202) 663-4912.

If you would like to file a discrimination complaint through the administrative course of action as mentioned above, you can obtain a copy of the filing form by calling (609) 292-6022 or you can download the form here.

Thomas M. MacInnis, Esq.
Attorney ID #204192017
Bagolie Friedman, LLC.
648 Newark Avenue
Jersey City, NJ. 07306
(T) 201-656-8500; (F) 201-656-4703
Attorneys for Defendant

| | |
|---|---|
| TALAAT MOHAMMED, <br> *Pro Se Plaintiff,* <br><br> v. <br><br> RICKY E. BAGOLIE & NEW JERSEY MANUFACTURERS INSURANCE COMPANY, <br> *Defendants.* | : SUPERIOR COURT OF NEW JERSEY <br> : LAW DIVISION: HUDSON COUNTY <br> : DOCKET NO. HUD-L-1578-20 <br> : <br> : CIVIL ACTION <br> : <br> : <br> : <br> : <br> : **NOTICE OF MOTION TO DISMISS** |

TO:   Talaat Mohammed
      104 Corbin Ave., No. 1A
      Jersey City, New Jersey 07306
      Pro Se Plaintiff

PLEASE TAKE NOTICE THAT undersigned counsel for Ricky E. Bagolie, entering a limited appearance for the purpose of disputing subject matter jurisdiction bring Notice of Motion as indicated below:

**MOTION RETURNABLE:**   August 28, 2020

**RELIEF SOUGHT:**   An Order dismissing plaintiff's Complaint for failure to state a claim and lack of subject matter jurisdiction pursuant to R. 4:6-2(e) & 4:6-2(a)

**DOCUMENTS ANNEXED IN SUPPORT OF MOTION:**   Certification of Thomas MacInnis, Esq. with Exhibits.

**DISCOVERY END DATE:**

**CERTIFICATION OF ATTEMPTED ORAL RESOLUTION (R. 1:6-2(c))**     This is not a discovery motion

**ORAL ARGUMENT:**     Waived unless opposition is filed

**MOTION FILED PURSUANT TO:** Rule 1:6-2 & R. 4:6-2(e) & 4:6-2(a) with proposed form of Order annexed hereto. It is requested that the matter be submitted to the Court for a ruling on the papers herewith submitted, and in accordance with the provisions of the Rule 1:6-2 and 1:6-3, this motion shall be deemed uncontested unless responsive papers are filed no later that eight (8) days prior to the return date of this motion stating with particularity the basis of the opposition to the relief sought.

**CERTIFICATION OF SERVICE:** I certify that the original of this motion has been filed via Ecourts filing and a hardcopy served via USPS on pro se plaintiff:

Talaat Mohammed
104 Corbin Ave., No. 1A
Jersey City, New Jersey 07306

Bagolie Friedman, LLC
Attorneys for Plaintiff

By: Thomas MacInnis, Esq.

Dated: 8/10/20