THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TALAAT M. MOHAMED,<br><br>    Plaintiff,<br>v.<br><br>RICKY E. BAGOLIE, NJM INSURANCE,<br><br>    Defendants. | Case No. 22-3172 (ES) (CLW)<br><br>REPORT AND RECOMMENDATION |

**CATHY L. WALDOR, U.S.M.J.**

    This matter comes before the Court upon Defendant New Jersey Manufacturers Insurance Company's ("NJM") motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), and (6).  (ECF No. 10).  In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves NJM's application without oral argument.  Upon careful consideration of the record for this matter, and for good cause shown, and for the reasons discussed herein, the Court respectfully recommends that the District Court **GRANT** NJM's motion and dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

**I.**    **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff's Complaint concerns an injury he allegedly suffered on June 17, 2010 while working for non-party Kearny Steel Container Corp. (Compl. at 4, ECF No. 1).  Plaintiff alleges that he suffered a broken femur when a company vehicle repeatedly struck him at the worksite.  (*Id.*).  From what the Court can glean from the materials Plaintiff submitted with or referenced in the Complaint, it appears that Defendant Ricky Bagolie, an attorney, represented Plaintiff in connection with an underlying workers compensation action, and that the New Jersey Division of

Workers' Compensation entered orders finding Plaintiff to be totally disabled and approving the parties' settlement in that matter. (*E.g.*, Feb. 10, 2020 Letter from Bagolie to Plaintiff, ECF No. 1-7; *see also* Decl. of Counsel, Exs. D, E (ECF No. 10-3) (Nov. 26, 2012 Order Approving Settlement). Now, objecting to the amount he received in connection with those proceedings, Plaintiff has filed this action, seeking additional compensation and naming Attorney Bagolie and NJM as defendants. Specifically, Plaintiff appears to allege that Defendant Bagolie misrepresented the total compensation Plaintiff would ultimately receive, (Compl. at 4, ECF No. 1), and that Defendant NJM paid Plaintiff only $15,000 rather than the $25,000 lump sum he was expecting. (*Id.*).

Plaintiff commenced this action by filing both a Complaint and a motion for appointment of pro bono counsel on June 2, 2022. (ECF Nos. 1-2). Plaintiff purported to serve NJM via mail on or about October 3, 2022, (Proof of Service, ECF No. 9), and NJM filed a motion to dismiss on October 26, 2022. (ECF No. 10). The Hon. Esther Salas, U.S.D.J. has since referred NJM's motion to the undersigned for a report and recommendation.

II.     **LEGAL DISCUSSION**

NJM raises three arguments in support of its motion to dismiss. First, NJM contends that the United States District Court lacks subject matter jurisdiction over Plaintiff's claims. (Def. Br. at 8-10, ECF No. 10-1). Second, NJM argues that Plaintiff has failed to plead a viable cause of action, and that the Court should therefore dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and related case law. (*Id.* at 11-15). Third, NJM contends that the Court should

2

dismiss the Complaint pursuant to Rule 12(b)(5) in light of Plaintiff's failure to properly effectuate service. (*Id.* at 15-16).

The Court must begin with NJM's argument that the Court lacks subject matter jurisdiction over this matter. "[F]ederal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993) (citing *Employers Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 45 (3d Cir. 1990))*; Ray v. Eyster (In re Orthopedic "Bone Screw" Prods. Liab. Litig.)*, 132 F.3d 152, 155 (3d Cir. 1997) ("If a court then determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. It has no authority to do so. A federal court can only exercise that power granted to it by Article III of the Constitution and by the statutes enacted pursuant to Article III."). Federal subject matter jurisdiction, in turn, most typically exists under either 28 U.S.C. § 1331, which confers "original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States" (known as "federal question" jurisdiction) or 28 U.S.C. § 1332, which creates original jurisdiction where "the amount in controversy exceeds the value of $75,000 and diversity exists among the adverse parties [(known as diversity jurisdiction)]." "The burden to prove subject matter jurisdiction is Plaintiff's." *Adu v. Post Office*, No. 11-2635 (JBS), 2012 U.S. Dist. LEXIS 545, at *7 (D.N.J. Jan. 3, 2012) (citing *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009)).

Here, when identifying the basis for federal subject matter jurisdiction in his form Complaint, Plaintiff checked the boxes for "U.S. Government Plaintiff"[1] and "Diversity of

---

[1] Pursuant to 28 U.S.C. § 1345, "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

Citizenship." (Compl. at 2, ECF No. 1). As to the former, Plaintiff is a private citizen and has commenced this action in that capacity. As to the latter, diversity jurisdiction is lacking on the face of Plaintiff's Complaint. 28 U.S.C. § 1332 provides, in relevant part: "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff represents that both he and Defendant Bagolie reside in New Jersey. (Compl. at 2, ECF No. 1).[2] Thus, Plaintiff has not pled a valid basis for diversity jurisdiction. Indeed, Plaintiff did not file a timely response to Defendant's motion, which remains unopposed. Finally, having carefully reviewed Plaintiff's Complaint, the Court finds that none of his claims appear to arise under "the Constitution, laws, or treaties of the United States". 28 U.S.C. § 1331. Thus, the Court may not exercise "federal question" subject matter jurisdiction in this matter.

Because the District Court lacks subject matter jurisdiction over Plaintiff's claims, it should dismiss the Complaint in its entirety. *Cepulevicius v. Arbella Mut. Ins.*, No. 21-CV-20332 (JXN), 2022 WL 17131579, at *1 (D.N.J. Nov. 22, 2022) ("If a court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action because subject matter jurisdiction 'calls into question the very legitimacy of a court's adjudicatory authority.'") (quoting *Council Tree Commc'ns., Inc. v. FCC*, 503 F.3d 284, 292 (3d Cir. 2007)). As the Court finds that dismissal is necessary on these grounds, it need not consider NJM's alternative arguments.[3]

---

[2] While Plaintiff lists a New Jersey address for Defendant NJM, (*id.*), such limited information is insufficient to determine that entity's citizenship. NJM Insurance's status is irrelevant, however, as both Plaintiff and Defendant Bagolie reside in New Jersey.

[3] The Court recognizes that Plaintiff previously filed a motion seeking appointment of pro bono counsel. (ECF No. 2). When resolving such an application, the Court must first make a threshold determination as to "whether the claimant's case has some arguable merit in fact and law." *Montgomery v. Pinchak,* 294 F.3d 498-99, 500 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147,

### III.  CONCLUSION

Based on the foregoing, it is on this 13th day of January, 2023,

**RECOMMENDED** that the District Court grant NJM's motion to dismiss, (ECF No. 10); and it is further

**RECOMMENDED** that the District Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction; and it is

**ORDERED** that the Clerk of the Court send a copy of this Report and Recommendation to Plaintiff via both CM/ECF and regular mail.  (See ECF No. 11).

s/ Cathy L. Waldor
**Hon. Cathy L. Waldor, U.S.M.J.**

---

155 (3d Cir. 1993), cert denied, 510 U.S. 1996 (1994)).  Given the Court's determination that Plaintiff's claims fail for lack of subject matter jurisdiction, Plaintiff's motion for appointment of counsel fails to clear that initial hurdle.  The Court must therefore deny Plaintiff's motion, and will issue a separate order to that effect.