**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

May 3, 2023
**LETTER ORDER**

Re: *Talaat Mohamed v. Ricky Bagolie, et al.*
    **Civil Action No. 22-3172 (ES) (CLW)**

Dear parties:

    This case arises out of an injury Plaintiff allegedly suffered on June 17, 2010 while working for Kearny Steel Container Corp. (D.E. No. 1 ("Compl.") at 4). Plaintiff alleges that he suffered a broken femur when a company vehicle struck him at the worksite. (*Id.*). It appears that Defendant Ricky Bagolie, an attorney, represented Plaintiff in connection with an underlying workers' compensation action concerning Plaintiff's injury. (D.E. No. 1-7). Plaintiff filed this action against Mr. Bagolie and Defendant New Jersey Manufacturers Insurance Company i/p/a NJM Insurance ("Defendant" or "NJM"), objecting to the amount he received in connection with those proceedings and seeking additional compensation. (Compl. at 4). On October 26, 2022, NJM filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). (D.E. No. 10). The motion was unopposed.

    On January 13, 2023, the Honorable Cathy L. Waldor, U.S.M.J., issued a Report and Recommendation recommending that the Court (i) grant NJM's motion to dismiss and (ii) dismiss *pro se* Plaintiff's complaint for lack of subject matter jurisdiction. (D.E. No. 12 ("R&R") at 5). In accordance with Local Civil Rule 72.1(c)(2), the parties had fourteen days to file and serve objections to the R&R. L. Civ. R. 72.1(c)(2). Plaintiff filed an objection to the R&R, which was entered on the docket on January 24, 2023. (D.E. No. 14 ("Objection")).

    The Court's standard of review of a magistrate judge's findings depends on whether the issues addressed are considered dispositive or non-dispositive. When a magistrate judge addresses dispositive motions, such as NJM's motion to dismiss for lack of subject matter jurisdiction, a magistrate judge submits a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(c)(2). If a party objects to a report and recommendation, "the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.,* No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013); *see also* § 636(b)(1)(C). And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1)(C).

    Here, the Court discerns no portion of the R&R "to which the litigant objects," because the Objection has no apparent relevance to Judge Waldor's recommendations. *See Leonard Parness Trucking Corp.,* 2013 WL 6002900, at *2. The Objection is three pages, and, in it, Plaintiff merely

1

recounts the allegations that form the basis of his Complaint. (Objection at 2–3). Specifically, in his Objection, Plaintiff claims that Mr. Bagolie misrepresented the total compensation Plaintiff would ultimately receive in connection with the workers' compensation action and closed Plaintiff's case without his consent. (*Id*. at 2–3). Plaintiff argues that he has not received his full rights in this matter and was not treated fairly by both NJM as well as Mr. Bagolie. (*Id*. at 1). No part of Plaintiff's Objection, however, addresses Judge Waldor's R&R, which recommended dismissing this matter for lack of subject matter jurisdiction. (R&R at 5). Because Plaintiff's arguments do not explain why subject matter jurisdiction is proper in this Court and have no relevance to the R&R, the Court overrules these objections.[1]

Having overruled Plaintiff's only objections, the Court next has an obligation to "give some reasoned consideration to the magistrate's report before adopting it as the decision of the Court." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017). Having reviewed the R&R, the Court agrees with Judge Waldor's thorough evaluation of the issues raised in NJM's motion and Her Honor's recommendations to grant NJM's motion and dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (R&R at 5).

A district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331, or certain claims between citizens of different states pursuant to 28 U.S.C. § 1332." *Cintron v. Prosper, Inc.*, No. 17-11530, 2018 WL 1003267, at *1 (D.N.J. Feb. 20, 2018). Under section 1331, a federal court has jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Diversity jurisdiction exists under section 1332 where the amount in controversy exceeds $75,000 and the citizenship of the parties is completely diverse. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998); 28 U.S.C. § 1332. And "[c]omplete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

"The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). And "[a]lthough courts hold pleadings drafted by *pro se* litigants to less stringent standards than those drafted by lawyers, *pro se* litigants still bear the burden of showing that the case is properly before the court at all stages of the litigation." *Ingris v. Borough of Caldwell*, No. 14-6388, 2015 WL 758680, at *2 (D.N.J. Feb. 23, 2015) (internal quotation marks omitted). Consequently, when a federal court finds that it lacks jurisdiction over an action, "the only function remaining . . . is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted).

---

[1]  Plaintiff filed another letter on February 2, 2023, asking that the Court assign him an attorney and set a date for trial for this case. (D.E. No. 15). Although this letter was filed more than fourteen days after Judge Waldor issued the R&R and as such is not a timely objection, it also bears no relevance to the R&R and does not change the Court's conclusion.

2

As noted in the R&R, "when identifying the basis for federal subject matter jurisdiction in his form Complaint, Plaintiff checked the boxes for 'U.S. Government Plaintiff' and 'Diversity of Citizenship.'" (R&R at 3–4 (citing Compl. at 2)). Further, on the Civil Cover Sheet, Plaintiff indicated that "Federal Question" and diversity of citizenship form the bases for jurisdiction. (D.E. No. 1-1). For the reasons set forth below, the Court finds that there is no subject matter jurisdiction in this matter.

*First*, although Plaintiff has attempted to invoke this Court's jurisdiction by indicating that this case involves a United States Government Plaintiff, that assertion is untrue, as Plaintiff has initiated this action as a private citizen.[2] (*See* Compl.). *Second*, this Court does not have diversity jurisdiction under 28 U.S.C. § 1332, because Plaintiff's Complaint states that both he and Defendant Bagolie reside in New Jersey. (*Id*. at 1–2). Because Plaintiff has not alleged that there is complete diversity of citizenship between Plaintiff and *all* Defendants in this matter, the Court cannot exercise jurisdiction pursuant to 28 U.S.C. § 1332.[3] *Zambelli*, 592 F.3d at 419 (Section 1332(a) requires complete diversity, which means that "in cases with multiple plaintiffs or multiple defendants, no plaintiff [can] be a citizen of the same state as any defendant."). *Third*, Plaintiff's claims, which seek to recover additional compensation for injuries he sustained during a workplace accident and thus appear to be governed by the New Jersey Workers' Compensation Act, do not "aris[e] under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331. 28 U.S.C. § 1331; (*see* Compl). And Plaintiff has not identified any basis for this Court to exercise jurisdiction pursuant to § 1331. (*See* Compl.; *see* Objection).

Accordingly, having reviewed the parties' submissions and Judge Waldor's R&R in full, and for the reasons stated herein,

**IT IS** on this 3rd day of May 2023,

**ORDERED** that the Court **ADOPTS** Judge Waldor's R&R (D.E. No. 12) in full; and it is further

**ORDERED** that NJM's motion to dismiss (D.E. No. 10) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (D.E. No. 1) is **DISMISSED** for lack of subject matter jurisdiction; and it is further

**ORDERED** that Defendant Bagolie's motion to dismiss (D.E. No. 16) is **TERMINATED** as moot; and it is further

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail and shall mark this matter **CLOSED**.

---

[2] Pursuant to 28 U.S.C. § 1345, "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345.

[3] For this reason, the Court need not analyze NJM's citizenship. *Zambelli*, 592 F.3d at 419.

3

<u>*s/ Esther Salas*</u>
**Esther Salas, U.S.D.J**